UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DAVID LASH, SR., et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:05CV32 JCH |
| ) | |
| CITY OF MOBERLY, et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant TASER International, Inc.'s ("TASER") Motion to Dismiss for Failure to State a Claim, filed August 29, 2005. (Doc. No. 37). The matter is fully briefed and ready for disposition.

## BACKGROUND

By way of background, on or about December 30, 2004, Plaintiff David Lash, Sr. ("Lash Sr."), suffered a job-related injury that amputated approximately one quarter of his right index finger. (First Amended Complaint ("Complaint" or "Compl."), ¶ 13).[1] On or about January 11, 2005, Lash Sr. was rendered incoherent due to an adverse reaction to medication he was taking, to the point that he had to be held down on the kitchen floor of his residence by his son, David Lash, Jr. ("Lash Jr."). (Compl., ¶ 14). Defendants Adam Swon ("Swon"), Anthony Bowne ("Bowne"), Michael Hollis ("Hollis"), John Kirkpatrick ("Kirkpatrick"), and possibly other City of Moberly police officers (the "Police Officers") responded to the residence, where they found Lash Jr. holding Lash Sr. on his stomach on the kitchen floor. (Id., ¶ 15). The Police Officers used a Taser device to restrain both

---

[1] The facts in the Court's background section are taken directly from Plaintiffs' First Amended Complaint. Defendants have filed separate Answers disputing a number of the above facts.

Plaintiffs, and kicked Lash Sr. in the groin and neck area, causing re-injury to Lash Sr.'s amputated finger and the dislodging of two upper front teeth from his jaw. (Id., ¶¶ 16, 18). Defendant Kirkpatrick further placed Lash Sr. in a stranglehold prohibited by the Moberly Police Department's Use of Force Policy paragraph 13.2.3 (note). (Id., ¶ 20).

After Lash Sr. was rendered unconscious by the Taser blows[2] and the prohibited stranglehold, the Police Officers belatedly requested medical assistance and an ambulance transport. (Compl., ¶¶ 21, 22). Lash Sr. was treated at the hospital, where he was intubated, and mechanical ventilation was commenced. (Id., ¶ 22). He was eventually diagnosed as suffering from rhabdomyolysis, acute renal failure, lactic acidosis, and skeletal trauma. (Id.). Lash Sr. remained in a state of unconsciousness for several days, and allegedly now suffers from permanent and debilitating injuries. (Id., ¶¶ 23, 24).

Plaintiffs filed their First Amended Complaint in this matter on October 31, 2005, naming as Defendants Hollis, Swon, Bowne, Kirkpatrick, Michael Garbulski, the City of Moberly, and TASER. (Doc. No. 50). With respect to Defendant TASER, Plaintiffs' Complaint alleges civil rights violations under 42 U.S.C. § 1983 for Lash Sr. (Count I), and Lash Jr. (Count II), and products liability claims for strict liability failure to warn (Count VI), negligent failure to warn (Count VII), and negligently supplying a dangerous instrumentality for supplier's business purpose (Count VIII).

As stated above, TASER filed the instant Motion to Dismiss on August 29, 2005, asserting that Plaintiffs' claims against TASER must be dismissed for failure to state a cause of action. (Doc. No. 37).

**STANDARD FOR MOTION TO DISMISS**

---

[2] TASER denies that Lash Sr. was rendered unconscious as a result of its TASER device. (Defendant TASER International's Answer to Plaintiffs' First Amended Complaint, ¶ 21).

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

## DISCUSSION

**A.    Counts I And II**

As stated above, in Counts I and II of their Complaint, Plaintiffs allege civil rights violations under 42 U.S.C. § 1983 for Lash Sr. (Count I), and Lash Jr. (Count II). In its Motion to Dismiss, TASER maintains it is not a proper § 1983 Defendant, as it is not a state actor, and did not act under color of state law in this case. (TASER's Memorandum in Support of Motion to Dismiss for Failure to State a Claim ("TASER's Memo in Support"), PP. 3-5).

Section 1983 creates a cause of action against, "every person, who under color of any statute, ordinance, regulation, custom, or usage," subjects any person to a deprivation of immunities secured by the Constitution or federal laws. 42 U.S.C. § 1983. The Eighth Circuit has held that, "Section 1983 secures most constitutional rights from infringement by governments, not private parties." Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004), citing Jackson v.

Metro. Edison Co., 419 U.S. 345, 349, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). "Where a private party acts under color of state law, however, it can be held liable under § 1983." Id. (citations omitted).

With respect to potential corporate liability under Section 1983, the Eighth Circuit stated as follows:

> A corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies. The test is whether there exists a policy, custom or action by those who represent official policy which inflicts an injury actionable under § 1983. In other words, to prove a policy, custom or action, [Plaintiffs] must show "a continuing, widespread, persistent pattern of unconstitutional misconduct" by [Defendant's] employees; "[d]eliberate indifference to or tacit authorization of such conduct by [Defendant's] policymaking officials after notice to the officials of that misconduct;" and [Plaintiffs were] "injured by acts pursuant to [Defendant's] custom, i.e., that the custom was the moving force behind the constitutional violation."

Crumpley-Patterson, 388 F.3d at 590-91 (internal citations omitted).

Upon consideration, the Court finds Plaintiffs' Complaint fails to allege Section 1983 claims against Defendant TASER. Under Eighth Circuit law, while Plaintiffs need not specifically plead the existence of an unconstitutional policy or custom of TASER's to survive this Motion to Dismiss, at minimum they must, "allege facts which would support the existence of an unconstitutional policy or custom." Doe v. Sch. Dist. of Norfolk, 340 F.3d 605, 614 (8th Cir. 2003) (citation omitted). In the instant case, Plaintiffs fail to include in their Complaint any language or facts from which an inference could be drawn that TASER itself had a policy or custom of (1) failing properly to train, instruct, supervise, control or discipline law enforcement officers, or (2) encouraging the use of excessive force, the unlawful detention and restraint of personal freedom, or the covering up of acts of police abuse; rather, Plaintiffs specifically allege the policies and/or customs at issue derived from the

defendant government entities. (See Compl., ¶¶ 30, 31). Plaintiffs' Section 1983 claims against Defendant TASER must therefore be dismissed.[3]

**B.      Counts VI, VII and VIII**

In its Motion to Dismiss, TASER next asserts Plaintiffs' products liability claims must be dismissed, as Plaintiffs fail to allege a defect or malfunction in the Taser device. (TASER's Memo in Support, PP. 5-7). Upon consideration, the Court will deny this portion of TASER's motion, as under Missouri law the lack of warning itself may render a product defective or unreasonably dangerous, even in the absence of a design defect. See Sperry v. Bauermeister, Inc., 804 F.Supp. 1134, 1140 (E.D. Mo. 1992) (citations omitted). See also Jaurequi v. John Deere Co., 971 F.Supp. 416, 427 (E.D. Mo. 1997) (holding a manufacturer may be held strictly liable for failure to warn of the dangers of a product even absent a defect in its design); Morris v. Shell Oil Co., 467 S.W.2d 39 (Mo. 1971), *cited with approval in* Spuhl v. Shiley, Inc., 795 S.W.2d 573, 580 (Mo. App. 1990) (negligent failure to warn claim possible where dangerous solvent sold without warning); Griggs v. Firestone Tire and Rubber Co., 513 F.2d 851, 856 (8th Cir.), cert. denied, 423 U.S. 865 (1975) ("Some articles supplied for commerce are dangerous by their very nature, without regard to any product defect. A manufacturer or supplier of such inherently dangerous chattels is subject to a legal duty to exercise reasonable care in warning those expected to use the product of the danger presented. Liability is imposed where injury resulting from the use of the product is attributable to a breach of this 'duty to warn.'"). TASER's Motion to Dismiss Counts VI, VII and VIII of Plaintiffs' Complaint will therefore be denied.[4]

---

[3] In light of the above ruling, the Court need not consider whether TASER was acting under color of state law. Crumpley-Patterson, 388 F.3d at 591 n. 4.

[4] TASER correctly notes this Court has held that under both theories of recovery, i.e., strict liability failure to warn and negligent failure to warn, "an essential element of a claim is product

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that TASER's Motion to Dismiss for Failure to State a Claim (Doc. No. 37) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that TASER's Motion to Dismiss is **GRANTED** with respect to Plaintiffs' claims against Defendant TASER in Counts I and II of Plaintiffs' First Amended Complaint.

**IT IS FURTHER ORDERED** that TASER's Motion to Dismiss is **DENIED** in all other respects.


Dated this 6th day of January, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

failure or malfunction." Sperry, 804 F.Supp. at 1140. The Court's review of the record reveals Plaintiffs have alleged such failure or malfunction. (See, e.g., Plaintiffs' Reply and Memorandum in Support Thereof to TASER International's Motion to Dismiss, P. 6 ("The product in question, an X-26 Taser device, did not perform in a manner reasonably expected in that it not only incapacitated Plaintiff, but caused his body, and in particular his kidneys, to shut down.")).