UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DAVID LASH, SR. and ) | |
| DAVID LASH, JR., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:05CV32 JCH |
| ) | |
| CITY OF MOBERLY, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment on all Counts against the City of Moberly and all other Defendants in their Official Capacities, filed October 20, 2006. (Doc. No. 78). The matter is fully briefed and ready for disposition.

**BACKGROUND**[1]

By way of background, Plaintiffs David Lash, Sr. ("Lash, Sr."), and David Lash, Jr. ("Lash, Jr."), are citizens of the State of Missouri, and residents of Randolph County, Missouri. (First Amended Complaint ("Complaint" or "Compl."), ¶¶ 1, 2). Defendants Michael Hollis ("Hollis"), Adam Swon ("Swon"), Anthony Bowne ("Bowne"), John Kirkpatrick ("Kirkpatrick"), and Michael Garbulski ("Garbulski"), are citizens of the State of Missouri, and at all relevant times, were police officers employed by Defendant City of Moberly, Missouri. (Compl., ¶ 3).

According to Plaintiffs, on or about December 30, 2004, Lash, Sr. suffered a job related injury that amputated approximately one quarter of his right index finger. (Compl., ¶ 13). On or about January 11, 2005, Lash, Sr. suffered an adverse reaction to medication he was taking. (Id., ¶ 14).

---

[1] For purposes of evaluating Defendants' motion, the Court assumes Plaintiffs' allegations to be true. In fact, in their Answer, Defendants deny the majority of Plaintiffs' allegations.

At approximately 3:00 a.m. on January 11, 2005, Defendants Swon, Bowne, Hollis and Kirkpatrick arrived at Lash, Sr.'s residence, where they found Lash, Jr. holding an incoherent Lash, Sr. on his stomach on the kitchen floor. (Id., ¶¶ 14, 15, 20).

According to Plaintiffs, when Lash, Sr. moved his shoulder to speak, Defendants Swon, Bowne, and Hollis utilized a Taser on both Lash, Sr. and Lash, Jr. (Compl., ¶ 16). After being Tasered once, Lash, Jr. released his father and was restrained and handcuffed in another room. (Id.). Defendants continued to administer Taser shocks to Lash, Sr., however, and further kicked him in the groin and neck areas, re-injured his amputated finger, caused two of his upper front teeth to be dislodged from his jaw, and employed a stranglehold prohibited by the Moberly Police Department's Use of Force Policy. (Id., ¶¶ 18, 20). Lash, Sr. allegedly was rendered unconscious by the Taser blows and prohibited stranglehold. (Id., ¶ 21).

Lash, Sr. was transported by ambulance to a hospital, where he was found to suffer from rhabdomyolysis, acute renal failure, lactic acidosis, and skeletal trauma. (Compl., ¶ 22). Plaintiffs allege Lash, Sr. now suffers from permanent and debilitating injuries, as a direct result of Defendants' actions. (Id., ¶ 23).

Plaintiffs filed their First Amended Complaint in this matter on October 31, 2005. (Doc. No. 50). In their Complaint, Plaintiffs name as Defendants Michael Hollis, in both his official and individual capacities; Adam Swon, in both his official and individual capacities; Anthony Bowne, in both his official and individual capacities; John Kirkpatrick, in both his official and individual capacities; Police Chief Michael Garbulski, in his official capacity only; and the City of Moberly.[2] Count I of Plaintiffs' Complaint is brought pursuant to 42 U.S.C. § 1983, for alleged violations of

---

[2] Plaintiffs originally named Taser International as a Defendant in this matter. On May 16, 2006, however, Plaintiffs dismissed all claims against Taser International with prejudice. (Doc. No. 68).

Lash, Sr.'s Fourth, Fifth, and Fourteenth Amendment rights. (Compl., ¶¶ 8, 29, 37-44). Specifically, Lash, Sr. alleges that Defendants violated his right to be free from unreasonable seizures, as provided by the Fourth Amendment; his liberty interest to be free from arbitrary, unnecessary violence perpetuated by government officials; and his right to liberty and/or due process of law, as provided by the Fifth and Fourteenth Amendments. (Id., ¶¶ 38-40). Count II of Plaintiffs' Complaint is brought pursuant to 42 U.S.C. § 1983, for alleged violations of Lash, Jr.'s Fourth, Fifth, and Fourteenth Amendment rights. (Id., ¶¶ 8, 29, 45-51). Specifically, Lash, Jr. alleges that Defendants violated his right to be free from unreasonable seizures, as provided by the Fourth Amendment; his liberty interest to be free from arbitrary, unnecessary violence perpetuated by government officials; and his right to liberty and/or due process of law, as provided by the Fifth and Fourteenth Amendments. (Id., ¶¶ 47-49). The remaining claims in Plaintiffs' Complaint are as follows: Battery of Lash, Sr. (Count III); Battery of Lash, Jr. (Count IV); and Intentional Infliction of Emotional Distress upon Lash, Jr. (Count V). (Id., ¶¶ 52-61).

As stated above, Defendants filed the instant Motion for Summary Judgment on October 20, 2006. (Doc. No. 78). In their motion, Defendants maintain the evidence fails to establish a claim for municipal liability under § 1983 against the City of Moberly, or any of the other Defendants in their official capacities. Defendants further assert the City of Moberly and all other Defendants in their official capacities are immune from liability for Plaintiffs' state tort claims, by reason of the doctrine of sovereign immunity.

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

### I. Section 1983 Municipal Liability For Defendant City Of Moberly

In their Motion for Summary Judgment, Defendants first assert Counts I and II of Plaintiffs' Complaint, which allege violations of 42 U.S.C. § 1983, must be dismissed as to Defendant City of Moberly, because the City cannot be held vicariously liable for the actions of its officers. (Defendants' Brief in Support of their Motion for Summary Judgment on all Counts against the City of Moberly and all other Defendants in their Official Capacities ("Defendants' Memo in Support"), PP. 3-5). Under Eighth Circuit law, "'[A] local government may not be sued under § 1983 for an

injury inflicted solely by its employees or agents' on a theory of respondeat superior." Andrews v. Fowler, 98 F.3d 1069, 1074 (8th Cir. 1996), quoting Monell v. Dep't of Social Servs. of the City of New York, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978). "Rather a plaintiff seeking to impose such liability is required to identify either an official municipal policy or a widespread custom or practice that caused the plaintiff's injury." Jackson v. East Prairie Police Dep't, 2006 WL 156717 at *2 (E.D. Mo. Jan. 20, 2006) (internal quotations and citation omitted).

In their Complaint, Plaintiffs first allege Defendant City of Moberly is liable for its policy or custom of failing to supervise, control, or discipline its individual law enforcement officers. (Compl., ¶¶ 30, 31). Plaintiffs elaborate on this alleged failure in their response to Defendants' Motion for Summary Judgment, as follows: "Plaintiffs contend that it was both the policy and custom of the City of Moberly and its agents to violate the Moberly Police Department's Use of Force policy, and this caused the violations of Plaintiff[s'] constitutionally protected rights."[3] (Plaintiffs' Answer to Defendants' Motion for Summary Judgment on all Counts against the City of Moberly and all other Defendants in their Official Capacities ("Plaintiffs' Opp."), ¶ 17).[4]

In order to hold a municipality liable under Section 1983, "[t]here must exist a prior pattern of unconstitutional conduct that is so 'persistent and widespread' as to have the effect and force of law." Andrews, 98 F.3d at 1075 (citations omitted). Further, "[t]o establish a city's liability based

---

[3] In their response, Plaintiffs further contend the City of Moberly is liable for failing to supervise its officers, who violated Plaintiffs' rights by harassing Plaintiffs at their work sites, and making allegations of drug-dealing regarding Lash, Sr. to his employers, prospective employers, and neighbors, subsequent to the events of January 11, 2005. (Plaintiffs' Opp., ¶ 16). These allegations are not contained in Plaintiffs' First Amended Complaint, however, and thus will not be discussed here.

[4] In their response, Plaintiffs continue to quote from the Moberly Police Department's Use of Force Policy. (Plaintiffs' Opp., ¶ 19). Plaintiffs fail to submit a copy of the policy with their response, however.

on its failure to prevent misconduct by employees, the plaintiff must show that city officials had knowledge of prior incidents of police misconduct and deliberately failed to take remedial action." Id. (internal quotations and citations omitted).

Upon consideration, the Court finds Plaintiffs fail to demonstrate Defendant City of Moberly had a policy or custom of permitting violations of the Moberly Police Department's Use of Force policy, or of failing to act on or investigate prior complaints of such violations. Specifically, the Court notes that in their response, Plaintiffs refer only to the individual officers' actions during the incident at issue here. They offer no evidence of prior incidents of excessive use of force on the parts of these or other officers, nor do they allege the City of Moberly failed to act on any such prior incidents.[5] In light of these deficiencies, the Court finds no indication of a, "'persistent and widespread' pattern of misconduct that amounts to a city custom or policy of overlooking police misconduct." Andrews, 98 F.3d at 1076, quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036. Summary judgment on this portion of Defendants' motion must therefore be granted. See Poehl v. Randolph, 2006 WL 1236838 at *8 (E.D. Mo. May 3, 2006).

In their Complaint, Plaintiffs further allege Defendant City of Moberly is liable for its failure to train the individual law enforcement officers. (Compl., ¶¶ 30, 31). "A government's failure to train its employees can constitute a 'municipal policy.'" Jackson, 2006 WL 156717 at *2 (citations omitted).

> However, "[t]he inadequacy of police training may serve as the basis for §
> 1983 liability only where the failure to train amounts to deliberate indifference

---

[5] Defendants themselves submit evidence that Defendant Hollis was the subject of two prior complaints of excessive force. (See Defendants' Memo in Support, attached Exh. F). Both instances were investigated, however (Id.), and furthermore, two instances of alleged misconduct, "do not indicate a 'persistent and widespread' pattern of misconduct that amounts to a city custom or policy of overlooking police misconduct." Andrews, 98 F.3d at 1076, citing Monell, 436 U.S. at 691, 98 S.Ct. at 2036.

> to the rights of persons with whom the police come in contact." Deliberate indifference can be found where "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights."
>
> "Moreover, for liability to attach in this circumstance the identified deficiency in a [municipality's] training program must be closely related to the ultimate injury."

Jackson, 2006 WL 156717 at *2-3 (internal citations omitted).

As support for their Motion for Summary Judgment on this issue, Defendants submit evidence of the training Defendants Hollis, Swon, Bowne, and Kirkpatrick received, both at the police academy, and thereafter while employed by the City of Moberly. (Defendants' Memo in Support, attached Exh. E). Plaintiffs do not dispute the individual officers received such training, nor do they offer evidence tending to suggest the training was constitutionally deficient. See Andrews, 98 F.3d at 1077. In light of these circumstances, the Court finds Plaintiffs fail to demonstrate the close relationship necessary to conclude any alleged failure to train on the part of Defendant City of Moberly caused injury in the case at bar. Id. Defendants' Motion for Summary Judgment on Plaintiffs' claims against the City of Moberly in Counts I and II of their Complaint will therefore be granted.

## II.   **Section 1983 Liability For Individual Officers In Their Official Capacities**

As stated above, in their Complaint Plaintiffs assert § 1983 claims against all five individual police officers in their official capacities.[6] Under Eighth Circuit law, however, a suit against officers in their official capacities is treated as a suit against the municipality itself. Spencer v. Knapheide Truck Equipment Co., 183 F.3d 902, 905 (8th Cir. 1999) (citation omitted), cert. denied, 528 U.S. 1157 (2000); see also Jacob v. City of Osceola, Mo., 2006 WL 741918 at *11 (W.D. Mo. Mar. 20,

---

[6] Plaintiffs further assert claims against Officers Hollis, Swon, Bowne and Kirkpatrick in their individual capacities.

2006) (internal quotations and citations omitted) ("Liability for [government] officials in their official capacities is another form of action against the [governmental entity], and it requires the same showing that a policy or custom caused the alleged violation."). This Court has already determined that Plaintiffs cannot recover under § 1983 against the City of Moberly. Thus, because the same analysis applies to their claims against the individual Defendants in their official capacities, the Court will grant Defendants' Motion for Summary Judgment on Plaintiffs' claims in Counts I and II of their Complaint, against the officers in their official capacities. See Jacob, 2006 WL 741918 at * 11.

### III. State Law Claims Against The City Of Moberly

In their motion, Defendants next assert Counts III through V of Plaintiffs' Complaint, asserting various tort claims under state law, must be dismissed with respect to Defendant City of Moberly. (Defendants' Memo in Support, PP. 6-9). Specifically, Defendants contend the City of Moberly, as a public entity, is immune from liability for common law tort claims under Missouri law. (Id.).

"In Missouri, public entities enjoy the tort immunity they would have been entitled to prior to September 12, 1977, except under certain circumstances not applicable here."[7] Poehl, 2006 WL 1236838 at *10, citing Mo.Rev.Stat. § 537.600. "When the defendant is a municipality, to determine whether sovereign immunity applies, a court must determine whether the activity giving rise to the

---

[7] "These exceptions include circumstances where the injury: (1) directly results from the negligence by a public employee arising out of the operation of a motor vehicle within the course of her or his employment; (2) is caused by the condition of the public entity's property; or (3) is covered by liability insurance. Mo.Rev.Stat. 537.600. The doctrine of sovereign immunity includes intentional torts as well as those based on negligence." Poehl, 2006 WL 1236838 at * 10 n. 26 (citation omitted). Although Plaintiffs alleged the existence of liability insurance in their Complaint (Compl., ¶ 6), they did not advance the assertion in their response to Defendants' Motion for Summary Judgment. The Court therefore considers the argument abandoned.

injury was an exercise of a governmental or a proprietary function."[8] Id. (citation omitted). "A municipality is immune from liability for actions arising from its governmental function, but is not immune from liability for acts arising from its proprietary function." Id. (citation omitted).

In the instant case, the Court finds Plaintiffs' allegations in Counts III through V of their Complaint seek to hold the City of Moberly liable for the actions of its employee police officers. These allegations relate to Defendant City's operation and maintenance of its police force, a governmental function. See Poehl, 2006 WL 1236838 at * 10 (citation omitted). Therefore, sovereign immunity applies, and Defendant City of Moberly cannot be held liable for its alleged tortuous conduct. Id. (citation omitted); see also Jackson, 2006 WL 156717 at * 4. Defendants' Motion for Summary Judgment on Plaintiffs' claims against the City of Moberly in Counts III through V of their Complaint must therefore be granted.

## IV. State Law Claims Against Individual Defendants In Their Official Capacities

In their Motion for Summary Judgment, Defendants finally assert Plaintiffs' claims in Counts III through V against the individual officers in their official capacities are barred by the doctrine of sovereign immunity as well. (Defendants' Memo in Support, P. 9). "Sovereign immunity, if not waived, bars suits against employees in their official capacity, as such suits are essentially direct claims against the state." Betts-Lucas v. Hartmann, 87 S.W.3d 310, 327 (Mo. App. 2002) (citation omitted). This Court therefore will grant Defendants' Motion for Summary Judgment on Plaintiffs' claims in Counts III through V of their Complaint, against the individual Defendants in their official capacities.

## CONCLUSION

---

[8] A proprietary function is an act performed for the special benefit or profit of the municipality as a corporate entity, while a governmental function is an act performed by the municipality as an agent of the state, for the common good of all. Poehl, 2006 WL 1236838 at * 10 (citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment on all Counts against the City of Moberly and all other Defendants in their Official Capacities (Doc. No. 78) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants City of Moberly and Michael Garbulski are **DISMISSED** as Defendants in this suit.

**IT IS FURTHER ORDERED** that Defendants Michael Hollis, Adam Swon, Anthony Bowne, and John Kirkpatrick are **DISMISSED** as Defendants in this suit in their official capacities.

**IT IS FURTHER ORDERED** that this matter will proceed to trial on Plaintiffs David Lash, Sr. and David, Lash, Jr.'s claims in their First Amended Complaint against Defendants Michael Hollis, Adam Swon, Anthony Bowne, and John Kirkpatrick in their individual capacities only.

**IT IS FURTHER ORDERED** that this matter is set for a **JURY** trial on **Monday, February 5, 2007**, at **8:00 a.m.** in Hannibal, Missouri.

Dated this 16th day of January, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE