UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

DAVID LASH, SR., et al., )
)
   Plaintiff(s), )
)
vs. ) Case No. 2:05CV32 JCH
)
MICHAEL HOLLIS, et al., )
)
   Defendant(s). )

**MEMORANDUM AND ORDER**

    This matter is before the Court on Plaintiff David Lash, Sr.'s Amended Motion for Attorneys' Fees and Bill of Costs, filed March 16, 2007. (Doc. No. 122-2). The matter is fully briefed and ready for disposition.

**BACKGROUND**

    In order to understand the Court's ruling on Plaintiff's motion, a somewhat detailed recitation of the background of this case is necessary. Plaintiffs David Lash, Sr. and David Lash, Jr. filed their First Amended Complaint ("Complaint" or "Compl.") in this matter on October 31, 2005. (Doc. No. 50). The Complaint consisted of eight Counts, as follows:

    Count I:     Plaintiff David Lash, Sr.'s claim pursuant to 42 U.S.C. § 1983, that Defendants Michael Hollis, Adam Swon, Anthony Bowne, John Kirkpatrick, Michael Garbulski, TASER International, and the City of Moberly, violated his constitutional rights.

    Count II:     Plaintiff David Lash, Jr.'s claim pursuant to 42 U.S.C. § 1983, that Defendants Michael Hollis, Adam Swon, Anthony Bowne, John Kirkpatrick, Michael Garbulski, TASER International, and the City of Moberly, violated his constitutional rights.

    Count III:     Plaintiff David Lash, Sr.'s claim of battery against Defendants Michael Hollis, Adam Swon, Anthony Bowne, John Kirkpatrick, Michael Garbulski, and the City of Moberly.

Count IV:       Plaintiff David Lash, Jr.'s claim of battery against Defendants Michael Hollis, Adam Swon, Anthony Bowne, John Kirkpatrick, Michael Garbulski, and the City of Moberly.

Count V:        Plaintiff David Lash, Jr.'s claim of intentional infliction of emotional distress against Defendants Michael Hollis, Adam Swon, Anthony Bowne, John Kirkpatrick, Michael Garbulski, and the City of Moberly.

Count VI:       Plaintiffs David Lash, Sr. and David Lash, Jr.'s claim of failure to warn against Defendant TASER International.

Count VII:      Plaintiffs David Lash, Sr. and David Lash, Jr.'s claim of negligent failure to warn against Defendant TASER International.

Count VIII:     Plaintiffs David Lash, Sr. and David Lash, Jr.'s claim of negligently supplying a dangerous instrumentality against Defendant TASER International.

(Compl., ¶¶ 37-85).[1]

In a Memorandum and Order entered January 6, 2006, this Court dismissed Counts I and II against Defendant TASER International. (Doc. No. 64). Specifically, the Court found Plaintiffs failed to plead Section 1983 claims against TASER, because they failed to allege facts supporting the existence of an unconstitutional policy or custom on TASER's part. (Id., PP. 4-5). On May 16, 2006, Plaintiffs stipulated to the dismissal of the remaining claims against TASER International, with prejudice. (Doc. No. 68).[2]

---

[1] Plaintiffs originally included two unnamed Moberly police officers as Defendants in their suit. (Doc. No. 50). On December 7, 2005, however, the two unnamed officers were dismissed for failure to effect service. (Doc. No. 62).

[2] Defendant Michael Hollis attaches to his response to Plaintiff's Motion for Attorneys' Fees an affidavit from David T. Ballard, stating as follows:
1. Plaintiffs David Lash, Sr. and David Lash, Jr. voluntarily dismissed with prejudice their claims against TASER International.
2. TASER paid no monies to Plaintiffs for their claims to procure this dismissal. To the contrary, TASER stated to Plaintiffs' counsel on multiple occasions that the claims against TASER were frivolous and that TASER would seek sanctions and fees if the claims against TASER were not dismissed.

In a Memorandum and Order entered January 16, 2007, this Court granted summary judgment to the City of Moberly on all claims against it. (Doc. No. 89). Specifically, the Court found for the City on Counts I and II, as Plaintiffs failed to demonstrate the City of Moberly had a policy or custom of permitting violations of the Moberly Police Department's Use of Force policy, or of failing to act on or investigate prior complaints of such violations. (Id., P. 6). Further, the Court held Plaintiffs failed to demonstrate that any alleged failure to train on the part of Defendant City of Moberly caused injury in the case at bar. (Id., PP. 6-7). Finally, the Court dismissed Plaintiffs' state law claims against the City of Moberly, as barred by the doctrine of sovereign immunity. (Id., PP. 8-9).[3]

This case proceeded to trial on Plaintiffs' remaining claims on February 7, and February 8, 2007. As a result of further Court rulings, only the following claims were submitted to the jury:

1. Plaintiff David Lash, Sr.'s claim that Defendant Michael Hollis violated his civil rights, by using a TASER on Plaintiff David Lash, Sr. in the act of attempting to subdue him and take him into protective custody;

2. Plaintiff David Lash, Sr.'s claim that Defendant John Kirkpatrick violated his civil rights, by applying a lateral vascular neck restraint on Plaintiff David Lash, Sr. in the act of attempting to subdue him and take him into protective custody;

3. Plaintiff David Lash, Sr.'s claim that Defendant Adam Swon violated his civil rights, by using his baton to leverage and secure the arm of Plaintiff David Lash, Sr. in the act of attempting to subdue him and take him into protective custody;

4. Plaintiff David Lash, Sr.'s claim that Defendant Anthony Bowne violated his civil rights, by sitting on the legs of Plaintiff David Lash, Sr. in the act of attempting to subdue him and take him into protective custody;

---

(Doc. No. 118-2).

[3] In its January 16, 2007, Order, the Court further dismissed all claims against the individual officers in their official capacities. (Doc. No. 89).

5. Plaintiff David Lash, Jr.'s claim that Defendant Anthony Bowne violated his civil rights, by handcuffing Plaintiff David Lash, Jr. in the act of attempting to subdue Plaintiff David Lash Sr. and take him into protective custody;

6. Plaintiff David Lash, Jr.'s claim that Defendant Michael Hollis violated his civil rights, by using a TASER on Plaintiff David Lash, Jr. in the act of attempting to subdue Plaintiff David Lash Sr. and take him into protective custody;

7. Plaintiff David Lash, Sr.'s claim that Defendant Michael Hollis unlawfully caused him bodily harm, by intentionally using a TASER on Plaintiff David Lash, Sr.;

8. Plaintiff David Lash, Sr.'s claim that Defendant John Kirkpatrick unlawfully caused him bodily harm, by intentionally applying a lateral vascular neck restraint on Plaintiff David Lash, Sr.;

9. Plaintiff David Lash, Jr.'s claim that Defendant Michael Hollis unlawfully caused him bodily harm, by intentionally using a TASER on Plaintiff David Lash, Jr.; and

10. Plaintiff David Lash, Jr.'s claim that Defendant Anthony Bowne unlawfully caused him bodily harm, by handcuffing Plaintiff David Lash, Jr.

(See Jury Instructions Numbers 5-14, Doc. No. 106, PP. 5-14). The jury eventually found for Plaintiff David Lash, Sr., on his claims against Defendant Michael Hollis, and awarded Plaintiff David Lash, Sr. One Thousand Dollars in damages. (See Verdict Form, Doc. No. 105, P. 1). The jury found for Defendants on all other counts. (Id., PP. 2-6).

As stated above, Plaintiff David Lash, Sr., filed the instant Amended Motion for Attorneys' Fees and Costs on March 16, 2007. (Doc. No. 122-2). In his motion, Plaintiff David Lash, Sr., requests an award of $243,120.00 in attorneys' fees, $8,955.00 in paralegal fees, and $7,590.77 in costs. (Id.). Defendant Michael Hollis objects to the awarding of attorneys' fees or costs.

## DISCUSSION

**I.     Attorneys' Fees**

42 U.S.C. § 1988(b) provides in relevant part as follows: "In any action or proceeding to enforce a provision of section[]...1983,....the court, in its discretion, may allow the prevailing party,....a reasonable attorney's fee as part of the costs...." "The starting point for determining a reasonable attorney fee is to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Copeland v. ABB, Inc.*, 2006 WL 2356140 at *1 (W.D. Mo. Aug. 15, 2006), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "This figure is often referred to as the 'lodestar.'" *Id.* (citation omitted). Under Eighth Circuit law, "[t]he onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed," and "[t]he district court should exclude hours that were not reasonably expended." *Wheeler v. Missouri Highway & Transp. Com'n*, 348 F.3d 744, 754 (8th Cir. 2003), citing *Hensley*, 461 U.S. at 433, 434, cert. denied, 541 U.S. 1043 (2004).[4]

The Supreme Court has held, however, that, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry." *Hensley*, 461 U.S. at 434. Rather, "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Id.* (footnote omitted). "This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Id.* See also *Wheeler*, 348 F.3d at 754 (internal quotations and citation omitted) ("In awarding attorney fees, the most critical factor is the degree of success obtained.").

### A. Number Of Hours Worked

---

[4] The Supreme Court has explained that hours may not be reasonably expended because, "[c]ases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley*, 461 U.S. at 434. Thus, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary..." *Id.*

In his Amended Motion for Attorneys' Fees, Plaintiff David Lash, Sr., states attorney Stephen Wyse ("Wyse") expended 462 hours on this case, attorney Anthony Phillips ("Phillips") expended 286 hours on this case; attorney Denise Fann ("Fann") expended 72 hours on this case; and paralegal Rick Kroeger ("Kroeger") expended 99.5 hours on this case. (See Doc. No. 122-2, P. 1).[5] Plaintiff submits an affidavit from each of his attorneys, in which they testify in relevant part as follows:

> 2.	These costs were incurred by this firm and were reasonable and necessary for the prosecution of such case.
>
> 3.	These costs have been segregated from all costs incurred such that these costs represent only those costs and expenses incurred directly for the Lash case.
>
> 4.	In attributing a percentage of a given cost I have reviewed the purpose of the cost and how much or a percentage I thought was necessary for the prosecution of Mr. David Lash, Sr.'s case.

(See Doc. No. 110, PP. 7-9). Plaintiff further maintains he subtracted 35.2 hours from Mr. Wyse's total, and 31 hours from Mr. Kroeger's total, as unrelated to the prosecution of the winning claim. (See Doc. No. 122-2).

Upon consideration, the Court finds Plaintiff's calculation of the hours spent in prosecuting his winning claim to be entirely unreasonable, for several reasons. First, the Court finds Plaintiff failed to deduct for time spent exclusively on claims on which Plaintiff did not prevail, such as his claims against TASER International. Second, Plaintiff failed to account for the fact that only Plaintiff David Lash, Sr. prevailed; Plaintiff David Lash, Jr., was unsuccessful on every claim presented. And finally, Plaintiff failed to account for the fact that Plaintiff David Lash, Sr., prevailed against only Defendant Michael Hollis; his claims against Defendants Adam Swon, John Kirkpatrick, and Anthony

---

[5] The Court's calculation of hours expended differs slightly from Plaintiff's.

Bowne were all rejected by the jury.[6] In light of these circumstances, the Court will deduct the following from Plaintiff's claimed hours:

**Mr. Stephen Wyse:**

**Hours Spent On TASER International:**[7]
| | |
|---|---|
| February 28, 2005-Taser/electrical research: | 6.0 |
| March 19, 2005-same: | 4.6 |
| July 1, 2005-service letter & call to Taser: | 1.2 |
| July 27, 2005-review default sanctions: | 2.0 |
| July 28, 2005-research Fed. Rules svc & sanction: | 1.9 |
| September 2, 2005-review Defendant Taser motion: | 2.1 |
| September 15, 2005-research case law & med electric inj. | 4.2 |
| February 7, 2006-retain electrical expert Dr. Nabours: | 1.6 |
| April 10, 2006-research electrical weapons: | 2.3 |
| April 19, 2006-TW Dr. Nabours & depo. prep. | 2.4 |
| April 25, 2006-Dr. Nabours depo/travel/prep | 12.2 |
| April 28, 2006-letter to Maley | 1.3 |

**Hours Spent On Moberly Police Department And The City Of Moberly:**
| | |
|---|---|
| June 22, 2005-review answer to mtn. dismiss: | 1.8 |
| August 3, 2005-research motion to dismiss police: | 2.0 |
| August 4, 2005-same | 1.3 |
| October 27, 2005-review & research City mtn dismiss: | 2.3 |
| February 14, 2006-review City's interrogatories: | 2.9 |
| June 27, 2006-request for production City | 1.3 |

**Hours Insufficiently Explained:**
| | |
|---|---|
| June 3, 2005-media contacts & case work: | 3.5 |
| June 16, 2005-KOMU request for Tape: | .8 |

**Mr. Anthony Phillips:**

**Hours Spent On TASER International:**
| | |
|---|---|
| February 26, 2005-Taser & medical research: | 4.0 |
| February 28, 2005-same: | 3.0 |
| March 3, 2005-Taser International research: | 6.0 |

---

[6] The Court finds the number of hours spent on various allowable endeavors to be unreasonable as well, but will not deduct for the excessive hours at this time.

[7] While the Court acknowledges Plaintiff prevailed on his claim that Defendant Hollis utilized a TASER, the Court finds research regarding the workings of the TASER itself was not necessary to the prosecution of this claim.

| | |
|---|---|
| March 16, 2005-same: | 6.0 |
| July 27, 2005-default proceeding pleadings/amend docket: | 4.0 |
| July 28, 2005-same: | 2.0 |
| August 2, 2005-letter to Taser, affidavits of default: | 5.0 |
| August 4, 2005-amended default motions and entry, research, letter to Taser: | 8.0 |
| August 9, 2005-research and motion to set aside default: | 5.0 |
| August 10, 2005-reply to set aside research: | 2.0 |
| September 2, 2005-Taser affirmative defense answers: | 4.0 |
| September 14, 2005-negligently supplying dangerous instrument research: | 2.0 |
| September 15, 2005-letters to Maley and Abramov re: amendments: | 3.0 |
| September 28-October 4, 2005-begin Taser Interrogatories & motions for discovery: | 13.0 |
| October 31, 2005-motion for extension of time, answer to Taser's motion to dismiss: | 8.0 |
| November 15, 2005-motions for default round 2: | 8.0 |
| November 16, 2005-motion to withdraw said defaults: | 1.0 |
| November 28-29, 2005-replies to Taser's motions to dismiss & research: | 10.0 |
| November 29, December 2, 2005-product liability interrogatories: | 8.0 |
| February 7, 2006-expert Dr. Nabours consultation, retention: | 3.0 |
| March 1, 2006-responses to Taser's requests for admission: | 8.0 |
| March 6-10, 2006-responses to Taser's requests for production, Taser's interrogatories to Lash, Sr., Taser's interrogatories to Lash, Jr., request for production of documents to Taser: | 40.0 |
| March 31, 2006-letter to Dr. Nabours re: deposition, phonecall: | 1.0 |

**Hours Spent On Moberly Police Department And The City Of Moberly:**

| | |
|---|---|
| June 22, 2005-answer & response to motion to dismiss: | 6.0 |
| August 3, 2005-dismiss police department motion: | 1.0 |
| October 28, 2005-motion to dismiss city, response to summary judgment, motion for leave to file amended complaint, response to show cause order: | 8.0 |
| February 16-17, 2006-responses to City's interrogatories & letter to Krehbiel: | 16.0 |

**Hours Insufficiently Explained:**

| | |
|---|---|
| March 17, 2005-ATLA database research: | 4.0 |
| June 7, 2005-legal research: | 2.0 |

| | |
|---|---|
| June 8, 2005-same: | 2.0 |
| June 16, 2005-research: | 2.0 |

**Mr. Rick Kroeger:**

**Hours Spent On Taser International:**
| | |
|---|---|
| March 16, 2005-Taser International research: | 6.0 |
| July 27, 2005-default proceeding pleadings/amend docket: | 3.0 |
| July 28, 2005-same: | 4.0 |
| March 3, 2006-prep. responses to Taser's requests for production: | 4.0 |
| March 9, 2006-same: | 1.0 |

**Hours Spent On Police Department And The City Of Moberly:**
| | |
|---|---|
| June 22, 2005-answer & response to motion to dismiss: | 8.0 |
| February 16-17, 2006-responses to City's interrogatories and letter to Krehbiel: | 3.0 |

**Hours Insufficiently Explained:**
| | |
|---|---|
| June 2, 2005-legal research: | 2.0 |
| June 7, 2005-same: | 5.0 |
| June 8, 2005-same: | 1.0 |
| January 13, 2006-no explanation: | 5.0 |
| January 20, 2006-same: | 4.0 |
| January 27, 2006-same: | 4.0 |
| January 30, 2006-same: | 4.0 |
| February 10, 2006-same: | 4.0 |
| February 20, 2006-same: | 1.5 |
| February 24, 2006-same: | 4.0 |
| March 17, 2006-same: | 4.0 |

The following hours thus remain:

| | |
|---|---|
| **Mr. Stephen Wyse:** | 404.4 |
| **Mr. Anthony Phillips:** | 96.35 |
| **Mr. Rick Kroeger:** | 67.0 |
| **Ms. Denise Fann:** | 72.0 |
| **Total:** | 639.75 |

As stated above, however, the inquiry does not end here; rather, the Court must consider other factors including, most importantly, the degree of success obtained. *Hensley*, 461 U.S. at 434;

*Wheeler*, 348 F.3d at 754.⁸ In the instant case, the Court finds it appropriate to divide the number of hours allowed by two, as only one of two Plaintiffs prevailed at all. Further, because Plaintiff David Lash, Sr. prevailed against only one of four Defendants, the Court will divide the number of hours allowed once again, this time by a factor of four. The Court thus finds the following number of hours to be reasonably expended in this case:

| | |
|---|---|
| **Mr. Stephen Wyse:** | 50.55 |
| **Mr. Anthony Phillips:** | 12.04 |
| **Mr. Rick Kroeger:** | 8.38 |
| **Ms. Denise Fann:** | 9.0 |
| **Total:** | 79.97 |

The Court therefore will grant Plaintiff David Lash, Sr.'s Amended Motion for Attorneys' Fees in part, in accordance with the foregoing.

**B. Hourly Rate**

As stated above, the Court next must multiply the number of hours worked by a reasonable hourly rate. Under Eighth Circuit law, "[a] reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Fish v. St. Cloud State University*, 295 F.3d 849, 851 (8th Cir. 2002) (citation omitted). Further, "[t]he burden is on the moving party to provide evidence supporting the rate claimed." *Wheeler*, 348 F.3d at 754, citing *Hensley*, 461 U.S. at 433.

In the instant case, Plaintiff David Lash, Sr. requests hourly rates of $300.00 for attorneys Wyse and Phillips; $260.00 for attorney Fann; and $90.00 for paralegal Kroeger. (See Doc. No. 122-

---

⁸ The Court finds the degree of success to be particularly limited here, as Plaintiff David Lash, Sr., recovered only $1,000.00 in damages.

2, P. 1). In support of these hourly rates, Plaintiff submits only a newspaper article reporting the granting of an hourly fee of $400.00 to Ms. Marilyn Teitelbaum, a St. Louis attorney with over thirty years experience, including fifteen years as General Counsel for the American Civil Liberties Union in Eastern Missouri. (See Doc. Nos. 122-3; 125-3).

By way of response, Defendant Michael Hollis first asserts the following with respect to the experience of Plaintiff's attorneys: "[R]esearch on the internet establishes that Mr. Wyse graduated from law school in 1998, Mr. Phillips graduated from law school in 2004, and Ms. Fann was apparently admitted to the Missouri Bar on October 12, 2006." (Doc. No. 118-1, P. 6 (citations omitted)). Plaintiff does not dispute these allegations. Defendant further submits evidence of the hourly rates of Mr. Dale C. Doerhoff, an attorney in Jefferson City, Missouri, with over thirty-five years experience in civil litigation. (See Doc. No. 118-3). In an affidavit submitted in an unrelated case, Mr. Doerhoff testified that his hourly rate varied from $175.00 to $225.00 per hour. (Id., P. 3). Finally, Defendant submitted evidence that his own attorney, Mr. Robert Krehbiel, charged between $110.00 and $125.00 per hour in this matter. (See Doc. No. 125-4).[9]

Upon consideration of the foregoing, the Court finds the hourly rates requested by Plaintiff David Lash, Sr.'s attorneys to be unreasonable. The Court thus will reduce the requested hourly rates as follows: Mr. Stephen Wyse: $150.00 per hour; Mr. Anthony Phillips: $125.00 per hour; Ms. Denise Fann: $100.00 per hour; and Mr. Rick Kroeger: $75.00 per hour. Based on the foregoing, the Court will allow Plaintiff David Lash, Sr., recovery of his attorneys' fees as follows:

**Mr. Stephen Wyse:**      50.55 hours x $150.00/hour = $7,582.50

**Mr. Anthony Phillips:**  12.04 hours x $125.00/hour = $1505.00

---

[9] Mr. Krehbiel is a St. Louis attorney, with nearly twenty-seven years experience at the time this matter went to trial. (See Doc. No. 125-4).

| | | |
|---|---|---|
| **Mr. Rick Kroeger:** | 8.38 hours x $75.00/hour | = $628.50 |
| **Ms. Denise Fann:** | 9.0 hours x $100.00/hour | = $900.00 |
| **Total:** | | $10,616.00 |

Plaintiff David Lash, Sr.'s Amended Motion for Attorneys' Fees thus is granted in part, and Defendant Michael Hollis is ordered to pay $10,616.00 in attorneys' fees.

## II. Bill Of Costs

Plaintiff David Lash, Sr. further requests a total of $7,590.77, as reimbursement for costs expended in connection with this matter. (See Doc. No. 122-2, PP. 1-2). As an initial matter, the Court will disallow the following costs for failure to provide documentation in support:

| | |
|---|---|
| **Fees For Service Of Summons And Subpoenas:** | $647.15 |
| **Medical Transcript:** | $74.80 |
| **Mediation Fee: USAA:** | $760.00 |
| **Expert Fees:** | $3,250.00 |
| **Travel:** | $776.32 |
| **Total:** | $5508.27 |

The remainder of Plaintiff's requested costs consists entirely of fees incurred incident to the taking of depositions. As a general rule, a court has discretionary power pursuant to 28 U.S.C. § 1920(2) to assess the cost of taking depositions in favor of the prevailing party. Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421, 439 (E.D. Mo. 1984) (citations omitted), aff'd, 780 F.2d 20 (8th Cir. 1985). "A deposition not used at trial can still be taxed so long as it was taken for use at trial and not merely for discovery purposes." Id. The taxability depends on whether the deposition, when taken, was reasonably necessary for use in trial. Koppinger v. Cullen-Schiltz & Assoc., 513 F.2d 901, 911 (8th Cir. 1975).

Upon consideration, the Court will allow the requested recovery of expenses incurred incident to the taking of depositions. The Court will reduce the award by $646.50, however, an amount equal to the cost of obtaining videotape duplications of depositions also received in transcript form, as Plaintiff has not demonstrated that both items were necessarily obtained for use in the case. Cherry v. Champion Intern. Corp., 186 F.3d 442, 449 (4th Cir. 1999) (citation omitted).

The Court thus will allow costs in the amount of $1,436.00.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff David Lash, Sr.'s Amended Motion for Attorneys' Fees and Bill of Costs (Doc. No. 122-2) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff David Lash, Sr.'s Motion for Attorneys' Fees is **GRANTED** to the extent that the Court will order Defendant Michael Hollis to pay attorneys' fees in the amount of $10,616.00. Plaintiff's Motion for Attorneys' Fees is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff David Lash, Sr.'s Bill of Costs is **GRANTED** to the extent that the Court will tax costs against Defendant Michael Hollis in the amount of $1,436.00. The imposed taxes represent fees incurred incident to the taking of depositions. Plaintiff's Motion for Costs is **DENIED** in all other respects.

Dated this 10th day of August, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE