UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DAVID LASH, SR., et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:05CV32 JCH |
| ) | |
| MICHAEL HOLLIS, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on remand from the Eighth Circuit Court of Appeals. By way of background, in an Order entered August 10, 2007, this Court awarded Plaintiff David Lash, Sr. $10,616.00 in attorneys' fees. (Doc. No. 132). The Court arrived at this amount by first determining the number of hours reasonably expended on the case; then reducing the number of hours allowed first by a factor of two, and then by a factor of four, to account for Plaintiffs' limited degree of success; and finally multiplying the remaining hours by what was determined to be reasonable hourly rates for each involved attorney and paralegal. (Id., PP. 5-12).

In an Opinion filed May 13, 2008, the Eighth Circuit Court of Appeals approved this Court's "line item" strikes as to specific time entries, and its determination of appropriate hourly rates for Plaintiffs' attorneys and paralegal. (Doc. No. 144, PP. 8-9). The appellate court disapproved of the "global" cuts imposed by this Court, however, and thus remanded the case to this Court to consider, among other things, "the relationship between the successful and unsuccessful claims and also the overall degree of success obtained by Lash Sr." (Id., PP. 9-12). This Court permitted additional briefing by the parties, and now issues the following revised fee award determination.

**DISCUSSION**

"The starting point for determining a reasonable attorney fee is to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Copeland v. ABB, Inc.*, 2006 WL 2356140 at *1 (W.D. Mo. Aug. 15, 2006), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "This figure is often referred to as the 'lodestar.'" *Id.* (citation omitted). The Supreme Court has held, however, that, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry." *Hensley*, 461 U.S. at 434. Rather, "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Id.* (footnote omitted). "This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Id.* See also *Wheeler v. Missouri Highway & Transp. Com'n*, 348 F.3d 744, 754 (8th Cir. 2003) (internal quotations and citation omitted) ("In awarding attorney fees, the most critical factor is the degree of success obtained."), cert. denied, 541 U.S. 1043 (2004).

In the instant case, as stated above, the Eighth Circuit Court of Appeals approved this Court's determination of the "lodestar" amount. The Court thus turns to a consideration of the other relevant factors.

### A. Relatedness

"When a plaintiff has prevailed on some claims but not on others, the plaintiff may be compensated for time spent on unsuccessful claims that were related to his successful claims, but not for time spent on unsuccessful claims that were distinct in all respects from his successful claims." *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001) (internal quotations and citation omitted). "Claims are related, and hence deserving of compensation, if they involve a common core of facts or are based on related legal theories." *Id.* (internal quotations and citations omitted).

Upon consideration, the Court finds Plaintiffs' claims all involved a common core of operative facts. As such, the Court finds Plaintiffs' attorneys, "'devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim by claim basis.'" *Heaton v. Weitz Co., Inc.*, 2007 WL 2301251 at *8 (N.D. Iowa Aug. 8, 2007), quoting *Hensley*, 461 U.S. at 435. Thus, "because the evidence and work on the various claims was intertwined and necessary to all of the claims," the Court will not reduce the amount of attorneys' fees awarded based on the existence of unrelated, unsuccessful claims. *Id.*

### B. Level Of Success

In light of the above ruling, the Court turns to consideration of, "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435.

> If....a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith....Again, the most critical factor is the degree of success obtained.

*Id.* at 436.

This Court previously has held the degree of success was "particularly limited here, as Plaintiff David Lash, Sr., recovered only $1,000.00 in damages." (Doc. No. 132, P. 10 n. 7). The Court notes Lash, Sr. failed to recover on his most significant claim for damages, i.e., that based on the kidney failure allegedly brought about by Defendants' actions. The Court must balance this limited degree of success against the principle that, "'[b]ecause damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief.'" *Wal-Mart Stores, Inc.*

*v. Barton*, 223 F.3d 770, 773 (8th Cir. 2000), quoting *City of Riverside v. Rivera*, 477 U.S. 561, 574, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986).

In considering the lodestar amount in light of all other applicable factors, including the level of success obtained, this Court finds an 80% reduction from the lodestar to be appropriate. The Court thus holds the calculated lodestar amount, i.e., $84,928.75, shall be reduced by 80% (or $67,943.00), to $16,985.75.

## **CONCLUSION**

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that Defendant Michael Hollis must pay attorneys' fees in the amount of $16,985.75.

Dated this 12th day of September, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE