UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DAVID LASH, SR., et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:05CV32 JCH |
| ) | |
| MICHAEL HOLLIS, et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on remand from the Eighth Circuit Court of Appeals. By way of background, in an Order entered August 10, 2007, this Court awarded Plaintiff David Lash, Sr. $10,616.00 in attorneys' fees. (Doc. No. 132). On remand from the Eighth Circuit, the Court increased Plaintiff's award to $16,985.75. (Doc. No. 152). This award was affirmed on appeal. (Doc. No. 166).

On September 24, 2008, Plaintiff filed a Motion for Attorneys' Fees on Remand. (Doc. No. 154). The Court denied Plaintiff's motion on October 28, 2008. In an opinion entered October 8, 2009, the Eighth Circuit again remanded the matter to this Court, for further consideration of Plaintiff's request. (Doc. No. 166).

## DISCUSSION

"The starting point for determining a reasonable attorney fee is to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Copeland v. ABB, Inc.*, 2006 WL 2356140 at *1 (W.D. Mo. Aug. 15, 2006), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "This figure is often referred to as the 'lodestar.'" *Id.* (citation omitted). The Supreme Court has held, however, that, "[t]he product of reasonable hours times a reasonable rate does not

end the inquiry." *Hensley*, 461 U.S. at 434. Rather, "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Id.* (footnote omitted). <u>See also</u> *Wheeler v. Missouri Highway & Transp. Com'n*, 348 F.3d 744, 754 (8th Cir. 2003) (internal quotations and citation omitted) ("In awarding attorney fees, the most critical factor is the degree of success obtained."), <u>cert. denied</u>, 541 U.S. 1043 (2004).

In the instant case, the Eighth Circuit Court of Appeals previously has approved this Court's determination of the reasonable hourly rate to be applied. (Doc. No. 144). Plaintiff's attorney asserts he spent 14.5 hours preparing his brief on original remand (Doc. No. 155), and the Court has no reason to question this time calculation. The Court thus finds the lodestar amount in this matter to be $2,175.00.

This does not end the inquiry, however. Rather, the Court must consider, "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435. On initial remand, Plaintiff sought to increase his fee award from $10,616.00 to approximately $80,000.00. As noted above, this Court increased the award only to $16,985.75, and the Eighth Circuit affirmed that decision on appeal. (Doc. Nos. 152, 166). Thus, in considering the lodestar amount in light of the applicable factors, including the level of success obtained, this Court finds a 75% reduction from the lodestar to be appropriate. The Court thus holds the calculated lodestar amount, i.e., $2,175.00, shall be reduced by 75% (or $1,631.25), to $543.75.

## **CONCLUSION**

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that Defendant Michael Hollis must pay attorneys' fees in the amount of $543.75.


Dated this 25th day of February, 2010.

                                        /s/ Jean C. Hamilton
                                        UNITED STATES DISTRICT JUDGE